UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY A. KRUGER,

    Plaintiff,

                                      Case No. 1:07-cv-415

v

                                        Hon. Wendell A. Miles

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

ORDER ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

      Plaintiff Cindy A. Kruger brought this action challenging the decision of the Commissioner of Social Security ("the Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act. On August 7, 2008, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that the Commissioner's decision be affirmed. Plaintiff has filed an objection to the R & R.

      The court, having made a *de novo* review upon the record of those portions of the R & R to which specific objection has been made, agrees with the conclusion reached by the Magistrate Judge that the Commissioner's decision must be affirmed.

**Discussion**

Plaintiff identifies four separate objections to the R & R, each under the umbrella objection that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence, contrary to what the Magistrate Judge has concluded. The court finds each of these objections to be without merit.

First, plaintiff argues that the ALJ improperly failed to evaluate the evidence regarding her mental impairments. Specifically, plaintiff argues that although the ALJ considered the treatment records of plaintiff's therapist and psychiatrist, the ALJ nonetheless "improperly disparaged them and substituted his own diagnosis." Plaintiff's Objection at 3. However, it is unclear to what specific portion of the R & R this particular argument is directed. The Magistrate Judge correctly noted that the ALJ determined that as of the date her insured status expired, plaintiff suffered from the following mental impairments: bipolar disorder, anxiety/obsessive-compulsive disorder, and a history of attention deficit hyperactivity disorder. (This was in addition to the physical impairment of obesity.) Although the ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible," Tr. 16, plaintiff's written objections do not identify any specific diagnosis or mental impairment which the ALJ failed to consider.

Regarding her mental impairments, plaintiff also argues that the Magistrate Judge "concede[d] that the ALJ failed to perform the requirements of 20 C.F.R. § 404.1520(a), . . . but excuses this additional legal error because the ALJ did something else and talked about the

psychological evidence he mis-characterized to justify his denial of benefits." Plaintiff's Objection at 3. Plaintiff is presumably referring not to 20 C.F.R. *§ 404.1520(a)*, but instead to 20 C.F.R. *§ 404.1520a*, which addresses the evaluation of mental impairments specifically. However, the Magistrate Judge did not conclude that the ALJ failed to comply with section 404.1520a. Instead, she correctly observed that the ALJ's decision "examined Plaintiff's mental impairments at length and expressly found that Plaintiff experiences mild restrictions in the activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and has never experienced episodes of decompensation." R & R at 13-14. It is incomprehensible that plaintiff would rely on this conclusion by the Magistrate Judge as supporting plaintiff's position that she "conceded" that the ALJ failed to comply with section 404.1520a.

Plaintiff's second argument is largely a repeat of her first, insofar as she once again argues that the ALJ "neither mentioned nor utilized" the analysis required by 20 C.F.R. § 404.1520a. Plaintiff contends that the Magistrate Judge has urged the court to "excuse this error because the ALJ's decision is otherwise supported by substantial evidence." Plaintiff's Objection at 3. However, as noted above, the Magistrate Judge did not conclude that the ALJ – who expressly cited to 20 C.F.R. § 404.1520a in addressing the relevant limitations posed by plaintiff's mental impairments – committed error.

As part of her second objection, plaintiff also argues that the ALJ should have found that her mental impairments meet or equal listings 12.04 or 12.06. However, as noted above, the ALJ

found that plaintiff's statements regarding her symptoms were not entirely credible. The ALJ also noted evidence that plaintiff did not always follow through with treatment, despite having a good support system. This failure to comply with treatment on multiple occasions is supportive of the ALJ's adverse assessment of plaintiff's credibility.

Plaintiff's third objection is that the ALJ erred in finding that plaintiff was able to perform unskilled light work. In particular, plaintiff points to the opinion of Dr. Sidhu, who found plaintiff to have "significant" impairment in two areas: the ability to follow detailed and complex instructions, and the ability to adapt to the stresses common to a normal work environment. Tr. 126. Plaintiff seems to be under the impression that Dr. Sidhu was one of her treating mental health providers. However, as the Magistrate Judge correctly noted, Dr. Sidhu merely performed a psychiatric evaluation of plaintiff. (Dr. Sidhu's report is cited, though not by name, in the ALJ's written decision. Tr. 16-17.) Dr. Sidhu was not a treating mental health provider, and he appears to have seen plaintiff only once. Moreover, as the ALJ and Magistrate Judge both noted, two other examiners who reviewed plaintiff's file reached different conclusions. Under the circumstances, plaintiff's argument that the ALJ's finding that plaintiff could perform unskilled work was not supported by substantial evidence is without merit.

Plaintiff's fourth objection is that the Magistrate Judge's reliance on <u>Bledsoe v. Barnhart</u>, 165 Fed. Appx. 409 (6th Cir. Jan. 31, 2006) is "seriously flawed." The Magistrate Judge cited <u>Bledsoe</u> in addressing plaintiff's argument that the ALJ failed to comply with SSR 02-01p in assessing the impact of plaintiff's obesity on her ability to work. Plaintiff attacks the Magistrate

Judge's citation to <u>Bledsoe</u> in two respects. First, she argues that because <u>Bledsoe</u> is not a reported case, it lacks precedential value. Second, she argues that <u>Bledsoe</u> is distinguishable because the ALJ in this case never considered any physician's opinion of plaintiff's state of health or her obesity.

Plaintiff's argument that the Magistrate Judge should not have cited <u>Bledsoe</u> because it is unreported is both unsupportable and misplaced. Although Sixth Circuit rules restrict parties' citations of unreported decisions in briefs filed in that court, <u>see</u> 6 Cir. R. 28(g) (referencing Fed.R.App. 32.1(b)), nothing prohibits this court from relying on an analysis contained in an unreported appellate decision.[1] Moreover, because plaintiff has attempted to distinguish <u>Bledsoe</u>, she clearly has access to this unreported decision, either through an electronic database or otherwise.

In addition, as the Magistrate Judge correctly noted, the ALJ considered plaintiff's obesity, in combination with her other impairments, when assessing her residual functional capacity. Therefore, this case is both like and unlike <u>Skarbek v. Barnhart</u>, 390 F.3d 500 (7th Cir. 2004), on which plaintiff argues <u>Bledsoe</u> is predicated. In <u>Skarbek</u>, although the ALJ did not mention the claimant's obesity, he adopted the physical limitations suggested by the specialists and reviewing doctors. The court affirmed the denial of benefits, concluding, among other things, that "any remand for explicit consideration of [the claimant's] obesity would not affect the outcome of this case[,]" insofar as the claimant's weight "factored indirectly into the ALJ's

---

[1]The court notes that plaintiff herself has cited to an unreported district court decision, in a reply brief filed in this court.

decision as part of the doctor's opinions." Id. at 504.

In this case, unlike Skarbek but like Bledsoe, the ALJ expressly found that plaintiff was obese and had a history of weight problems, Tr. 15, and that there was no evidence that she suffered from any medical problems related to her obesity. Id. However, just as in Skarbek, the ALJ also clearly considered that plaintiff had functional limitations and could no longer perform heavy work. Tr. at 17-18. The ALJ thus considered the impact of plaintiff's obesity on her ability to work, notwithstanding her failure to claim obesity as an impairment in her disability application.

It is also noted that although there is evidence in the record to support the ALJ's finding that plaintiff is obese (which would likely have been visually apparent at the hearing, even if it had not been revealed in the medical records), there is no evidence that plaintiff ever sought treatment for her obesity or claimed that it impacted her ability to work. At the hearing, plaintiff testified that she was able to walk for about half an hour at a time at her local mall before experiencing any discomfort, consisting of some pain in her knees, legs, and back (although it was unclear whether this alleged pain was related to her scoliosis or her obesity). Tr. 448. In addition, in response to questioning by the ALJ, plaintiff admitted that she had never tried a weight loss program. Tr. 453. Under the circumstances, given the lack of evidence that plaintiff sought treatment for her obesity, plaintiff's argument that the ALJ never considered any physician's opinion regarding plaintiff's obesity is without merit.[2]

---

[2]In her objections, plaintiff has also argued that she should "have at least a remand to
(continued...)

Finally, the court notes that in her objection, plaintiff twice refers to the fact that on a subsequent application for benefits, she was found to be disabled and entitled to receive Supplemental Security Income ("SSI") benefits.[3]  Review of that decision has not been sought in this case, and because that matter is not before the court it is unclear why plaintiff would rely on that decision in her objection.  Plaintiff has failed to explain the legal relevance of the decision to award her SSI benefits on a subsequent application presumably covering a much later period.[4]

---

[2](...continued) have all her severe impairments be considered[,]" presumably a reference to her obesity. Plaintiff's Objection at 5.  Thus, she is apparently seeking a sentence four remand as an alternative to a decision reversing the denial of benefits.  See Faucher v. Secretary of Health and Human Services  17 F.3d 171, 174 (6th Cir. 1994) (noting that 42 U.S.C. § 405(g) "authorizes two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand)").  However, because the evidence on the record in this case is sufficient to support the ALJ's conclusions, no further factfinding is necessary.  Accordingly, the court rejects plaintiff's argument that the case should be remanded.

[3]Plaintiff's objection incorrectly states that she was found to be disabled on September 15, 2006, the day after the ALJ determined that plaintiff was not disabled in this case.  Plaintiff's Objection at 2, 4.  However, a copy of the Notice of Award letter which plaintiff attached to her complaint in this case indicates that plaintiff was determined to be eligible for Supplemental Security Income benefits beginning October 20, 2006.

[4]A distinction exists between Supplemental Security Income ("SSI") and disability insurance ("DI").  DI is available for people who have qualified for social security benefits by paying social security taxes over the relevant time period, and SSI is available for those who have not.  Eads v. Secretary of the Department of Health and Human Services, 983 F.2d 815, 816 (7th Cir.1993).  Here, plaintiff's insured status for purposes of DI expired on June 30, 2003, over three years before she was found to be disabled for purposes of SSI.

Therefore, the court concludes that this subsequent award does nothing to alter review of the decision on plaintiff's earlier application for disability benefits.

### **Conclusion**

Plaintiff's objections are overruled.  The court adopts the R & R as the decision of the court.  The court will enter judgment affirming the decision of the Commissioner.

Entered this 12th day of September, 2008.

     /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge